UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10303-RCL

UNITED STATES

V.

RASHUAN SCOTT

**ORDER ON DETENTION**

ALEXANDER, M.J.

The defendant, Rashuan Scott, first appeared before this Court for an initial appearance and arraignment on November 16, 2004, pursuant to an indictment charging him with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  At that time, Mr. Scott was in state custody, and the Court therefore issued an Order, on November 18, 2004, stating that Mr. Scott's detention hearing would be "postponed until a later time, if and when it becomes necessary, pursuant to United States v. King, 818 F.2d 112, 114 (1st Cir. 1987)."

A detention hearing having become necessary, Mr. Scott appeared before this Court for that hearing on March 3, 2005.  At the hearing, the government was represented by Assistant United States Attorney Robert E. Richardson and Mr.

Scott was represented by Attorney C. Samuel Sutter. The government moved to detain Mr. Scott pursuant to 18 U.S.C. §§ 3142 (f)(1)(B) (maximum sentence of life imprisonment or death), (f)(1)(D) (prior felony convictions), and (f)(2)(A) (serious risk of flight).

 At the detention hearing, the government proferred a draft transcript of a recorded telephone conversation between Mr. Scott, his mother and his sister. The government also played the recording during the hearing. During the telephone call, initiated by Mr. Scott from the Bristol County jail, Mr. Scott informed his mother that "Parole" had to come to the house, where Mr. Scott had resided with his mother and sister. He then asked to speak with his sister, and, in turn, asked his sister to look under his mattress for something. His sister questioned what, specifically, she was looking for, and after telling Mr. Scott that there was nothing under his mattress, Mr. Scott said "you know things I show you sometimes" and "There's two of them. The long one." His sister responded "Closet." At that point Mr. Scott asked his sister to "[p]ut that in your room" and not to let their mother see. Mr. Scott's sister also informed him that their mother had gotten rid of "the other one." Mr. Scott then spoke with his mother again, and she explained that she threw it in the dumpster because she didn't want it.

The government did not present any other evidence at the hearing.  In that an indictment is extant, however, probable cause exists to believe that Mr. Scott committed the offense with which he is charged.  United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).  The Court therefore turns to the detention calculus.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142 (e); United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990).  "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990).  The burden of persuasion remains with the Government on the question of flight risk.  See DiGiacomo, 746 F. Supp. at 1181 (citing United States v. Jessup, 757 F. 2d 378, 381-82 (1st Cir. 1985)).

The issue of whether the defendant poses a danger to the community has a different requirement.  The Government must prove by clear and convincing

3

evidence that no combination of conditions will reasonably assure the safety of any other person and the community. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985). The meaning of clear and convincing evidence does not imply that the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F. Supp. 432 (W.D. Ark. 1987), aff'd, 855 F.2d 858 (8th Cir.), cert. denied, 488 U.S. 866 (1988). Nevertheless, because of the interference of pre-trial detention with the "importan[t] and fundamental. . .right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly. The Court's independent analysis regarding detention was governed by the rubric set forth in 18 U.S.C. §3142(g).

First, the Court looks to the nature and circumstances of the offense charged against the defendant. While not a crime of violence, see United States v. Silva, 133 F. Supp.2d 104, 109-110 (D. Mass. 2001), the unlawful possession of a firearm by a felon is a violation of the law and of obvious concern to this Court in any situation.

Second, the Court looks to the weight of the evidence against the defendant. As noted previously, there is probable cause to believe that the defendant committed the offenses with which he is charged. Vargas, supra.

The Court's third inquiry relates to the individual defendant. As the government noted, Mr. Scott has a lengthy and violent criminal record including convictions for assault and battery, possession of a firearm without a permit, and possession of Class B and Class D substances. The government also averred that a gun was found in Mr. Scott's sister's closet.

Defense counsel asserted that the government's case against Mr. Scott is weak, and that he could have been referring to anything in the taped conversation. Moreover, counsel contends that possession is a question of law. Mr. Scott has, according to defense counsel, spent his entire life in Massachusetts, and, if released, has a place to live, at his parents' home, and a job waiting for him. As the Court pointed out during the detention hearing, however, Mr. Scott has continued to engage in criminal activity despite the presence of his family, and the residence that Mr. Scott would go home to, if released, is the very place where he allegedly kept the guns. Furthermore, Mr. Scott's criminal record is of serious concern to the Court.

After considering all evidence before the Court, and the presumption of 18 U.S.C. § 3142(f)(1)(B) and (f)(1)(D), the Court concludes that there is clear and convincing evidence that there is no condition or combination of conditions or release that would assure the safety of the community and therefore ORDERS that

the defendant RASHUAN SCOTT be detained pending trial.  Further, pursuant to 18 U.S.C. §3142 (i) it is ORDERED that:

1. The defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with his counselor; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility(s) in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

   Review of this Order may be obtained by Mr. Scott's filing of a motion for revocation or amendment pursuant to 18 U.S.C. § 3145 (b).

   SO ORDERED.


3/17/05                                            /S/ Joyce London Alexander
Date                                               United States Magistrate Judge