UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.     ) | CRIMINAL NO. 04-10303-RCL |
| ) | |
| **RASHAUN SCOTT**        ) | |

## GOVERNMENT'S MOTION IN LIMINE

The government respectfully submits herewith its motion in limine, seeking a ruling from this Court that evidence tending to show that the defendant has engaged in other criminal conduct is admissible at the trial of this matter.

## BACKGROUND

The defendant is charged in a single-count indictment with being a felon in possession of a firearm (a 12 gauge shotgun), in violation of 18 U.S.C. §922(g)(1).  As the Court is aware through the proceedings involving the defendant's suppression motion, the firearm in question was recovered by the Brockton Police Department pursuant to a search warrant executed at the defendant's parents' home on May 14, 2004.  The probable cause for the search warrant arose largely from a taped prison call that the defendant made to his home the previous day.  As of May 13, 2004, the defendant was incarcerated at the Bristol County House of Correction.  He was scheduled to be released on parole in the relatively near future.  In anticipation of his release, his parole officer had to visit the defendant's intended residence on release, which, in this case, was the house in which

the defendant's parents and sister lived in Brockton.

On March 13, 2004, the defendant placed a telephone call to his home.  This call was subject to both monitoring and recording by the institution.  The defendant spent much of the call having his sister Cassandra place, or attempt to place, calls to various third parties.  Near the end of the call, however, the defendant spoke to both Cassandra and his mother.  The search warrant affidavit summarized the conversation as follows:

> 6.  On Friday, May 14, 2004 at approx. 1450 hours, Detective Hilliard and I (Almeida) spoke with Deputy Desmarais at the Brockton Police Station.  We were provided with a compact disk copy of Rashaun Scott's phone calls.  Detective Hilliard and I listened to the recorded copy of Scott's phone calls.  Rashaun was heard initially talking to his mother in regards to a home visit by a representative of the Massachusetts State Parole.  He informed his mother he would be speaking in riddles.  Scott then asked to speak to his sister Cassandra (referring to her by name).  He Then [sic] instructed Cassandra to enter his room and to look under the mattress for them "things".  Detective Hilliard and I are both familiar with the street term "things" referring to firearms.  He informed Cassandra that there are two "things" under the mattress.  Scott instructed Cassandra not to say what she saw under the mattress over the phone.  He was heard referring to one of the "things" as the long one.  Casandra [sic] told him that she saw the long one in his closet.  He advised Cassandra to put the "thing" in her closet.  Cassandra then advised Rashaun that their mother had found one of the "things" and threw it away.  Rashaun became very upset upon hearing this.  He asked Cassandra to put his mother on the phone and inquired about the "thing".  She informed Scott that she threw the "thing" in a dumpster.  Scott replied that he didn't want (Parole) to find it when they inspected the home.  Cassandra then returned to the phone and began whispering, "the long one is still there."  "Oh Yeah [sic]", replied Scott.  "Mom didn't know that one was in your room, the long one is still in your room."

>[sic] answered Cassandra.  Scott replied, ["]You know what to do with that, I already told you what to do." While speaking with Cassandra Rashaun Scott is heard speaking with another inmate and says "My mother threw one of them away, but she didn't find the other one cuz I have one down, a quick load, so I can run in the house, quick load that fucka and run out of the house".

Accordingly, while not referring specifically to the crime giving rise to the defendant's incarceration, the taped conversation makes clear that he does have at least one conviction and that he was to be placed on parole as a result.

### ARGUMENT

Evidence of other crimes, wrongs, or acts is not admissible at a trial to prove the character of a person in order to show action in conformity therewith.  Fed. R. Crim. P. 404(b).  However, "[e]vidence which is probative of the crime charged, and not solely uncharged crimes, is not 'other crimes' evidence.  Further, where the evidence of an act and the evidence of the crime charged are inextricably intertwined, the act is not extrinsic and Rule 404(b) is not implicated."  United States v. McCann, 366 F.3d 46, 54 (1st Cir. 2004); quoting United States v. DeLuna, 763 F.2d 897, 913 (8th Cir. 1985).  See also, e.g., United states v. Rosario-Diaz, 202 F.3d 54, 71 (1st Cir. 2000)(evidence of uncharged rape inseparably intertwined with charged carjacking and murder and accordingly properly admitted).

Here, in order to prove the defendant's knowing possession of the firearm, and particularly to prove his constructive

possession thereof, the government must prove that he "knowingly ha[d] the power and the intention at a given time of exercising dominion and control over a firearm or over the area in which the weapon is located, directly **or through others** . . . ." United States v. Wight, 968 F.2d 1393, 1398 (1st Cir. 1992)(emphasis added); see also United States v. Gevedon, 214 F.3d 807 (7th Cir. 2000)(evidence showed fugitive defendant was exercising control over weapons during his absence). The taped telephone call provides precisely such proof: it shows that the defendant, from his position in jail, was exercising control over the shotgun through his sister for the purpose of concealing the weapon from his parole officer. The fact of the defendant's prior conviction accordingly is inextricably intertwined with the charged offense and Rule 404(b) thus is not implicated.

Moreover, the evidence should not be excluded as unduly prejudicial under Rule 403. The jury will not know the specific nature of the crime for which the defendant was incarcerated, and an instruction that the evidence be used only for appropriate reasons will eliminate any possible danger of unfair prejudice.

## CONCLUSION

For the foregoing reasons, this Court should rule that evidence of the May 13 taped conversation, including evidence that the defendant was incarcerated at the time of the call and evidence that the defendant was about to be placed on parole, is

admissible at the trial of this matter.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                      By:  /S/Robert E. Richardson
                          ROBERT E. RICHARDSON
                          Assistant U.S. Attorney

                    <u>CERTIFICATE OF SERVICE</u>

Suffolk, ss.                      Boston, Massachusetts
                                  June 29, 2005

    I hereby certify that I caused a true copy of the foregoing was served by first-class mail upon counsel for the defendant, C. Samuel Sutter, Esq., 203 Plymouth Avenue, Building #7, Fall River, MA 02721.

                              /s/ Robert E. Richardson
                              Robert E. Richardson
                              Assistant U.S. Attorney