United States District Court
District of Massachusetts

---

Docket No. 04-10303

**United States,**

v.

**Rashaun Scott,**

---

**Opposition To Government's Motion In Limine Regarding Evidence Of Other Criminal Conduct**

---

In this case, the government seeks to offer at trial evidence tending to show that the defendant had engaged on criminal conduct other than the charged offense. Specifically, the government seeks to show that the defendant called his mother and sister on May 13, 2004 and asked them to move certain firearms that were concealed his room during the time he was incarcerated. Because he was charged with being a felon in possession of a firearm, the jury will certainly hear that he has a past felony conviction. However, allowing the evidence offered by the government would effectively inform the jury that the defendant has committed other crimes and that he had criminal

propensities. Specifically, the fact that he made the telephone from the House of Correction and that he anticipated a visit by a parole officer would establish that he had recently committed unrelated crimes beyond the past felony referenced in the indictment. Further, admission of the comment allegedly made to another inmate as to his handling of one of the hidden guns[1] would clearly establish his violent tendencies. The government argues that such evidence was "inextricably intertwined" with the past offense such that it cannot be redacted. However, as will be discussed below, reasonable restrictions can in fact be placed on such evidence whereby the jurors could hear most of the recorded phone call without hearing evidence of past crimes.

Fed. R. Evid. 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Evidence tending to show that the defendant committed other bad acts may nevertheless be admitted if

---

[1] According to Paragraph 6 of the search warrant affidavit, the defendant stated, "My mother threw one of them away, but she didn't find the other one cuz I have one down, a quick load, so I can run in the house, quick load that fucka and run out of the house".

the government satisfies a two-part test. "First, in accordance with Rule 404(b), the evidence must have special relevance to an issue in the case such as [motive,] intent or knowledge, and must not include bad character or propensity as a necessary link in the inferential chain.... Second, consistent with [Fed. R. Evid.] 403, the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice." *United States v. Flemmi*, 402 F.3d 79, 92 (1st Cir. 2005). *See United States v. McGuire*, 389 F.3d 225, 229 (1st Cir. 2004).

In this case, portions of the telephone conversation might be admissible to explain how the police came to search his room, as well as his knowledge and control of the firearm found during search. However, other portions of the phone call lack any "special" probative value. *United States v. Medina*, 761 F.2d 12, 15 (1st Cir. 1985). The jury is perfectly capable of understanding the offense without knowing that he was incarcerated at the time of the call or that he was anticipating being paroled. The comments in Paragraph 6 as to his handling of the gun are also unnecessary to a full understanding of the charges. *See Combs v. Coyle*, 205 F.3d

3

269, 289 (6th Cir. 2000) (portions of videotape suggesting that petitioner committed other crimes likely excludable under Rule 404(b) where they did not go to any permissible purpose and where they might tend to leave the jury with an overall bad impression of his character). *See also United States v. Amaya-Manzanares*, 377 F.3d 39, 48 n.7 (1st Cir. 2004) (Toruella, J., dissenting) (questioning the need to admit prejudicial evidence with limited relevance). *Contrast United States v. Flemmi*, 402 F.3d at 92-93 (evidence of other crimes had special relevance and was inextricably linked to charged offenses).

Beyond the lack of probative value, this evidence would clearly tend to prejudice the defendant. *See United States v. Garcia-Rosa*, 876 F.2d 209, 220 (1st Cir. 1989); Fed. R. Evid. 403. It would portray him as lawless—someone who commits multiple crimes and who has to be locked up. The reference in Paragraph 6 to the way in which he runs into the house, quickly loads it, and runs out is particularly prejudicial. It portrays him as a dangerous armed street criminal.

Where the relevance is marginal at best and where the potential for prejudice is so substantial, the defendant asks

4

that this court redact those portions of the telephone conversations indicating that he was incarcerated and referencing his attempts to secure his release on parole, as well as the comments made in Paragraph 6. *United States v. Walters*, 351 F.3d 159, 166 (5th Cir. 2003) (redaction of prejudicial materials of limited relevance was appropriate remedy for Rule 404(b) challenge); *United States v. Ward*, 190 F.3d 483, 489 (6th Cir. 1999) (same, defendant has burden of requesting redaction). *Contrast United States v. Saunders*, 166 F.3d 907, 917 (7th Cir. 1999) (other remedies appropriate instead of redaction or substitution of other words where redaction would prevent jury from understanding full meaning and intent of letter and would prevent fair consideration of government's evidence).

## Conclusion

Based on the authorities cited and the reasons aforesaid, the defendant requests that the government's motion be denied to the extent that the government seeks to offer evidence indicating that the defendant has committed other offenses.

Respectfully submitted,

Rashaun Scott,
*By his attorney,*

C. Samuel Sutter
B.B.O. # 542496
203 Plymouth Ave.
Building #7
Fall River, MA 02721
(508) 647-8633

UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

DOCKET NUMBER: 04-10303 RCL

UNITED STATES OF AMERICA

V                                                    **CERTIFICATE OF SERVICE**

RASHAUN SCOTT

I, Kelley Anne Sylvia, hereby certify that on Thursday, August 4, 2005, I will send a copy of Opposition to Government's Motion in Limine Regarding Evidence of Other Criminal Conduct, to Assistant United States Attorney Robert Richardson, 1 Courthouse Way, Boston, Massachusetts 02210.

*Kelley Anne Sylvia*