## INSTRUCTION NO. 12

## PRIOR FELONY CONVICTION

The first element of crime charged in the indictment, which the government must prove, is that the defendant, Rashaun Scott, was a felon at the time of his possession of firearm, that is, that he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.  The government and the defendant have stipulated that the defendant was in fact a felon prior to May 13, 2004.  Therefore, the government has satisfied this element.

18 U.S.C. §922(g)(1).

**INSTRUCTION NO.13**

**POSSESSION -- ACTUAL AND CONSTRUCTIVE**

The second element the government must prove to you beyond a reasonable doubt is that the defendant knowingly possessed the firearm charged in the Indictment.

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object. A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it. Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object, either directly or through others. For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today. Though you are not in actual possession of such items at this moment, you are in constructive possession of them. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence. Possession may be solely with one person or may be shared jointly by two or more persons. Possession may be actual or constructive. It is not necessary to prove that the defendant owned the firearm to prove possession. The element of possession is proved as to

**INSTRUCTION NO.13 (Cont.)**

**POSSESSION -- ACTUAL AND CONSTRUCTIVE**

the defendant if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with one or more others, of the firearm charged in the indictment.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997); United States v. Boykin, 986 F.2d 270, 274 (8th Cir.), cert. denied, 510 U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993); United States v. Wight, 968 F.2d 1393, 1397-98 (1st Cir. 1992); United States v. Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989); United States v. Lamare, 711 F.2d 3, 5 (1st Cir. 1983); United States v. Flores, 679 F.2d 173, 177 (9th Cir. 1982), cert. denied, 459 U.S. 1148 (1983); United States v. Alverson, 666 F.2d 341, 345-46 (9th Cir. 1985); United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973); Devitt and Blackmar, Federal Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed. 1990); and Sand, Modern Federal Jury Instructions, No. 35-54 (1989).

## INSTRUCTION NO. 14

## DEFINITION OF FIREARM

The possession to which I have referred must be of a "firearm". The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

18 U.S.C. §§921(a)(3) and 921 (17)(A).

**INSTRUCTION NO. 15**

**KNOWLEDGE**

The government must also establish beyond a reasonable doubt that the defendant was in knowing possession of a firearm. This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm. To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing the firearm referred to in the indictment. Again, the possession may be either actual or constructive.

United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v. Lamare, 711 F.2d 3, 6 (1st Cir. 1983); United States v. Freed, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); United States v. Powell, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975); United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Devitt and Blackmar, Federal Jury Practice and Instructions, §59.04 (3d ed. 1977 and 1990 cum. supp.).

**INSTRUCTION NO. 16**

**PROOF OF KNOWLEDGE**

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence. Thus, in deciding whether something is done knowingly, the jury may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm is possessed knowingly if it is possessed voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Sand, Modern Federal Jury Instructions, No. 6-17 (1993).

**INSTRUCTION NO. 17**

**INTERSTATE COMMERCE**

The third element that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of the firearm was in or affecting commerce. The term "in or affecting commerce" simply means that the object must have had some minimal link to interstate commerce. This element is satisfied if it is established that at some time during the life of the firearm it moved across a state line or international boundary.

It is not necessary for the government to prove that the defendant purchased the firearm in some other state or country and personally carried it into Massachusetts. Nor must the government prove who did purchase the firearm or how it arrived in Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm had crossed state or national boundary lines. All that is required is proof that the firearm had traveled in interstate or foreign commerce by moving across a state or national boundary line at any time prior to the defendant's alleged possession of it.

Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977); United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988); United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975); Devitt and Blackmar, Federal Jury Practice and Instructions, §59.40 (3d ed. 1977 and 1990 cum. supp.); Sand, Modern Federal Jury Instructions, No. 35-55 (1989).