UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10303-RCL |
| RASHAUN SCOTT | ) ) | |

### TRIAL MEMORANDUM OF THE UNITED STATES

The United States submits this memorandum in the above-captioned case, which is scheduled for trial on November 7, 2005.

**I.    SUMMARY OF GOVERNMENT'S CASE**

A.    Facts

In this case, the United States charges that the defendant, having previously been convicted of a felony, possessed the firearm specified in the indictment, in violation of 18 U.S.C. § 922(g)(1). The facts are simple. The government will offer evidence to prove that, on May 13, 2004, the defendant, then an inmate of the Bristol County House of Corrections, spoke in a recorded telephone conversation with his sister and mother in anticipation of a visit by a Parole officer to their home in Brockton, Massachusetts, where the defendant planned to live upon his release from incarceration. In particular and among other things, the defendant spoke to his sister about the "things" that he sometimes showed her, specifically asking her to look under the mattress of his bed and then, when she could not locate anything there, asking if she knew where the "long one" was. Upon learning that it was in the closet in his bedroom, the defendant asked his sister to remove it to her bedroom. In an aside to another inmate during this conversation, the defendant referred to this item as a "quick loader."

Institution officials contacted the Brockton Police Department, given the location of the

home in Brockton. The Brockton Police Department obtained a search warrant the following day and, using a canine, located the shotgun charged in the indictment in the closet of the defendant's sister's bedroom. Expert evidence will establish that the shotgun is operable, that it is a firearm for purposes of federal law, and that it was manufactured in Connecticut and thus moved in interstate commerce. It will be the government's theory that the defendant, who constructively possessed the shotgun, manifested his dominion and control over it on this occasion because he did not want the Parole Officer who was to visit the defendant's home to discover the shotgun in the defendant's bedroom.

  B. Elements of the Offense

The elements of a § 922(g)(1) offense are:

(1) that the defendant knowingly possessed a firearm;

(2) that such possession was in or affecting commerce; and

(3) that the defendant previously had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

As indicated at the pretrial conference, the parties will likely stipulate that the defendant was convicted of a felony prior to May 13, 2004. Thus, the only questions at trial will be whether (1) the firearm introduced in evidence is a firearm as that term is defined at 18 U.S.C. § 921; (2) the defendant knowingly possessed the firearm; and (3) whether such possession was in or affecting commerce, i.e. whether the firearm crossed state lines prior to May 13, 2004.

II. **LEGAL AND EVIDENTIARY ISSUES**

As indicated above and in the government's pending motion in limine, the central evidence establishing the defendant's constructive possession of the shotgun, and his intention to establish dominion and control over it through his sister from prison, is the taped conversation of

May 13, 2004.

In response to the government's motion in limine, the defendant proposed playing a redacted tape whereby the jury would not learn of the defendant's incarceration or hear the portion of the tape in which the defendant referred to the shotgun as a "quick loader" that he could quickly retrieve from his home if the need arose.  As this Court indicated preliminarily at the pretrial conference, the potential prejudice to the defendant of the jury learning of his incarceration is significantly less in this case than might otherwise be the case, since the jury will learn in any event that the defendant has a prior felony conviction.  Moreover, the fact that the defendant was making this call from prison in anticipation of a pre-release inspection of the Brockton home by Parole is necessary in order to explain to the jury the defendant's motive for and interest in having his sister move the shotgun for him at that particular time, as well as to explain why he was exercising dominion and control over the firearm through his sister rather than simply moving the gun himself.  Any potential for prejudice can readily be remedied through a jury instruction regarding the appropriate use of the evidence.

Similarly, the defendant's reference to a "quick loader" during the conversation is the best evidence that the defendant was, in fact, referring to a firearm as opposed to some other item.  This evidence is thus critical to the government's proof of the defendant's knowing constructive possession of the shotgun.

**III.    LENGTH OF TRIAL**

The government expects the duration of its case-in-chief, exclusive of jury selection, will be approximately two to three days.

                                                 Respectfully submitted,

                                                 MICHAEL J. SULLIVAN
                                                 United States Attorney

                                 By:    /s/Robert E. Richardson
                                            ROBERT E. RICHARDSON
                                            Assistant U.S. Attorney
                                            (617) 748-3247