United States District Court
District of Massachusetts
_____

Docket No. 04-10303

**United States,**

v.

**Rashaun Scott,**
_____

**Motion *In Limine* To
Exclude Prior Convictions**
_____

Pursuant to Rule 609(a) of the Federal Rules of Evidence, the defendant Rashaun Scott moves that this court exclude from evidence his prior convictions. In the alternative, he requests that this court simply allow the jury to hear that he was convicted of unspecified offenses without disclosing the nature of those prior convictions.

Rule 609(a) governs admissibility of prior convictions for the purpose of impeaching a witness. The rule provides that "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the

accused." In this case, the prejudicial effect of each of the prior convictions outweighs its probative value.

Initially, the defendant notes that none of the past convictions that could potentially qualify under Rule 609 involves a crime of dishonesty. *See* Fed. R. Evid. 609(a)(2); *United States v. Agnew*, 407 F.3d 193, 197 (3rd Cir. 2005); *United States v. Bay*, 762 F.2d 1314, 1317 (3rd Cir. 1984); *United States v. Mahone*, 328 F.Supp. 77, 82 (D.Me. 2004). Six of those past offenses involve assaultive behavior—four assault and battery convictions, one for assault and battery with a dangerous weapon, and one for assault and battery on a police officer. Assault is not a crime of dishonesty under Rule 609(a)(2). *United States v. Meserve*, 271 F.3d 314, 328 (1st Cir. 2001); *United States v. Mahone*, 328 F.Supp. at 84.

The drug offenses and other offenses set forth in the defendant's record also do not qualify as crimes involving dishonesty. *See United States v. Mahone*, 328 F.Supp. at 84.

Clearly, these past convictions, if heard by the jury, would be highly prejudicial. They would portray him as a dangerous, violent, lawless person. *See Fernandez v. Leonard*, 963 F.2d 459, 467-468 (1st Cir. 1992) (finding prior drug conviction prejudicial and questioning admissibility, although ultimately deferring to trial court's finding of special relevance). Moreover, his conviction for possession of a firearm without a permit is substantially similar to the charged

offense. *See United States v. Mahone*, 328 F.Supp. at 84. When balanced against the minimal probative value as to the defendant's credibility, clearly these convictions should be excluded.

 Finally, if this court determines that the jury should hear evidence that the defendant has been convicted of past crimes, he asks that the evidence be limited to the fact of the prior convictions without reference to the nature of the convictions. *See United States v. Gignac*, 119 F.3d 67, 69 (1st Cir. 1997).

 The defendant requests a hearing on this motion.

<div style="margin-left:50%">

Respectfully submitted,

Rashaun Scott,
*By his attorney,*

/s/ C. Samuel Sutter

C. Samuel Sutter
B.B.O. # 542496
203 Plymouth Ave.
Building #7
Fall River, MA  02721
(508) 647-8633

</div>