UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                                    CRIMINAL NO. 04-10303

RASHAUN SCOTT

---

**DEFENDANT RASHAUN SCOTT'S SENTENCING MEMORANDUM**

---

The Defendant, Rashaun Scott, through counsel, Frank D. Camera, files this
Memorandum of Law for a sentence below the range that would result from
application of the United States Sentencing Guidelines, pursuant to 18 U.S.C.
§3553 and the Supreme Court's decisions in *United States v. Booker* and *United
States v. Fanfan*, 125 S.Ct. 738 (2005).  Additionally, Mr. Scott seeks a downward
departure from the otherwise applicable advisory guidelines.

Specifically, Mr. Scott requests that this Honorable Court sentence him to a
period of confinement of one hundred and eighty months followed by a period of
supervised release.

<u>DISCUSSION</u>

Our United States Congress directed sentencing courts to "impose a sentence
sufficient, but not greater than necessary", to reflect the seriousness of the offense,

to provide just punishment, to afford deterrence and protect the public, and to provide the defendant with needed educational training, medical treatment or other care in the most effective manner.  See 18 U.S.C. §3553(a).  To this end, the defendant notes that the Sentencing Reform Act has always provided that "the Court in determining the particular sentence to be imposed shall consider the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. §3553 (a)(1) and "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. §3661 (emphasis supplied).

Mitigating factors that were at one time discouraged except under certain circumstances or for certain purposes should be considered more broadly to the extent that they bear on the sentencing considerations found in §3553(a).  These factors include age, education and vocational skills, mental and emotional condition not meeting diminished capacity standards, physical condition or appearance, employment record, family ties and responsibilities, military, civic, charitable or public service.  Further, the Bureau of Prisons has implemented several changes that make one's punishment harsher while eliminating certain treatment and rehabilitation opportunities that were previously recommended and

imposed by the BOP.  Some of these changes include limitations on residential

drug abuse treatment programs, limitation on camp placement, lack of recreation

facilities and a curtailment of educational programs.  Mr. Scott was deemed to be

an armed career criminal by virtue of at least three qualifying prior convictions.

See U.S.C. 18 §924 (e)(1).  Accordingly, Mr. Scott must be sentenced to a term of

imprisonment for not less than fifteen years.  Against the backdrop of the

aforesaid, the purported guidelines range of 235-293 months is excessive,

counterproductive and in violation of basic constitutional principles of fairness.

## TOTALITY OF CIRCUMSTANCES

In Koon v. United States, 518 U.S. 81, 116 Supreme Ct. 2035, 135 L.Ed.2d

392 (1996), the Supreme Court explained that the district court enjoys broad

discretion in deciding whether to depart.  Koon, 518 U.S. at 96.  "The relevant

question, however, is not whether a particular factor is within the heartland as a

general proposition, but whether a particular factor is within the heartland given all

the facts of the case."  Id. at 99-100 (citation omitted).  Thus, Koon allows a court

to take into consideration a combination of unusual or exceptional factors present

in the case in determining whether to depart from the guidelines.  Id.

Courts may consider a "convergence of factors" and should take into

account the "totality of circumstances" when considering where a Defendant's

behavior falls along the spectrum and whether to grant a downward departure.

United States v. Fairless, 975 F.2d 664, 667-68 (9th Cir. 1992).

The Defendant submits that his future period of incarceration will cause a

devastating loss to his family, most significantly his mother.  Throughout his entire

life, Geraldine Scott has tried to be a positive force in her son's life.  As indicated

in the Presentence Report (PSR), his mother has recognized the many bad choices

the Defendant has chosen in his life, but she is still able to see the kind, friendly,

compassionate, and respectful young man he is.  This is not to suggest that Mr.

Scott deserves leniency because of his mother.  Rather, this relationship is meant to

impress upon the Court the effect of sentencing the Defendant to a period in excess

of fifteen years.  Hence, one hundred and eighty months is appropriate in order to

"provide just punishment." 18 U.S.C. §3553 (a)(2)(A).

Pursuant to 18 U.S.C. §3582(a) "…if a term of imprisonment is to be

imposed, in determining the length of the term, shall consider the factors set forth

in section 3553(a) to the extent they are applicable, recognizing that imprisonment

is not an appropriate means of promoting correction and rehabilitation."  When

determining the appropriate sentence for Mr. Scott, the Court in its infinite wisdom

must recognize that the purported guideline range of 235-293 months is excessive.

The time Mr. Scott will lose his liberty will deter and protect the public, it will

serve to provide just punishment, but what it clearly will not achieve is to

rehabilitate him in order to become a productive member of our society as §3582(a) correctly points out. Accordingly, one hundred and eighty months incarceration is appropriate.

## CRIMINAL HISTORY

Mr. Scott cannot refute his criminal history. Upon careful review, it can be seen that three points are for possession of marijuana and cocaine. Further, one point was added for a charge of disturbing the peace on docket 0115-CR-7300, for which there was a guilty finding and the matter was placed on file. Indeed, in United States v. Tavares, 93F.3d 10, 13 (1st Cir.1996), our Circuit Court of Appeals noted that Judge Young correctly had refused to count "guilty filed" dispositions in the Defendant's criminal history category score. The Court stated that "guilty filed" dispositions in Massachusetts "involve an admission of sufficient facts for a possible finding of guilt, but not an explicit admission of guilt." Id. at 13.

To be sure, Mr. Scott does not seek to excuse his past criminal behavior. However, to treat Mr. Scott as if he is an offender with a history filled with serious violent offenses would be in contravention of the purpose of the criminal history computations, which is to predict recidivism and reflect culpability. See United States v. Leviner, 31 F. Supp. 2d 23 (D.Mass. 1998).

CONCLUSION

For all the reasons stated, Mr. Scott asks this Court to impose a sentence of

180 months.

Rashaun Scott,
By his attorney,


/s/ Frank D. Camera
BBO#:  635930
56 N. Main Street, Suite 303
Fall River, MA   02720
508-677-2878
Dated:  August 1, 2007                       508-677-2876  Fax


CERTIFICATE OF SERVICE

I hereby certify that I have provided the within document to all parties of record,

via e-filing, on this first day of August 2007.

/s/ Frank D. Camera