**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
UNITED STATES OF AMERICA   .  CRIMINAL NO. 04-10303-RCL
                           .
  V.                       .  BOSTON, MASSACHUSETTS
                           .  NOVEMBER 16, 2004
RASHAUN SCOTT              .
  Defendant                .
. . . . . . . . . . . . .
```

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE JOYCE LONDON ALEXANDER
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the government:    John Capin, Esquire
                       U.S. Attorney's Office
                       One Courthouse Way, Suite 9200
                       Boston, MA  02210
                       617-748-3247
                       john.capin@usdoj.gov

For the defendant:     Michael Liston, Esquire
                       2 Park Plaza
                       Suite 610
                       Boston, MA  02116
                       617-426-2281
                       m.liston@verizon.net

Court Reporter:

Proceedings recorded by digital sound recording,
transcript produced by transcription service.

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**Wrentham, MA  02093**
**(508) 384-2003**

1                          **I N D E X**

2  Proceedings                                           3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*MARYANN V. YOUNG*
**Certified Court Transcriber**
**(508) 384-2003**

3

1              **P R O C E E D I N G S**

2        COURT CALLED INTO SESSION

3              THE CLERK:  Today's date is November 16, 2004.  The

4   Court will now hear the case of United States v. Rashaun Scott,

5   Criminal Case No. 04-10303.  Will the attorneys please identify

6   themselves.

7              MR. CAPIN:  Your Honor, good morning.  My name is--

8              THE COURT:  Good morning.

9              MR. CAPIN:  --John Capin and I represent the United

10  States of America.

11             MR. LISTON:  Good morning, Your Honor.

12             THE COURT:  Good morning.

13             MR. LISTON:  My name is Michael Liston and I

14  represent Mr. Scott.

15             THE COURT:  We're waiting for the marshals to bring

16  the defendant.

17  **(No audible recording from #11:10:09-11:15:50)**

18             THE COURT:  --the government's motion for detention,

19  detention pursuant to?

20             MR. CAPIN:  It would be pursuant to 18 U.S.C.

21  3142(f)(1)(B), Your Honor, (f)(1)(D) and (f)(2)(A).

22             THE COURT:  And in that, the defendant is presently

23  incarcerated so that there is a United States versus King

24  issue?

25             MR. LISTON:  Your Honor, he is in custody and it's

1  somewhat unclear, right now I believe he is in federal habeas
2  custody.  There is a similar charge in the Brockton Court,
3  which I trust at some point they are going to null pross
4  bringing him over here.  He tells me that he has been in
5  Plymouth since October 23rd.  Yet he, the habeas that you signed
6  on November 12th was a habeas to the Dartmouth Court.  It seems
7  there's been some leeway whether there's a detainer of some
8  sort.  I don't know what happened, Your Honor.  I'm sure that
9  in time all this time will be counted for his benefit, but if
10 he's currently in federal habeas, in theory it doesn't count as
11 federal time.
12         THE COURT:  Attorney Capin, do you know what the
13 status--
14         MR. CAPIN:  No.  My understanding, and this is
15 Mr. Richardson's case and I'm trying to discern from his record
16 what his status is, it's not clear to me.  My understanding had
17 been that Mr. Scott was serving a sentence of incarceration in
18 which case there would be an IAD issue.  I think it's
19 academic--
20         THE COURT:  A state, state--
21         MR. CAPIN:  In state custody.
22         THE COURT:  Okay.
23         MR. CAPIN:  I think it's somewhat academic if Mr., if
24 in fact Mr. Scott regardless of whether he's serving a sentence
25 or awaiting charges or in state custody for some other or on

5

1  some other basis if he's desire now is to stay in federal
2  custody on these charges, then I think the IAD issue goes away.
3          THE COURT:  All right.
4          MR. CAPIN:  And I think we're – and if Mr. Liston is
5  saying Mr. Scott would like to agree to an order of voluntary
6  detention without prejudice then I think that should resolve
7  this custodial issue for today.
8          THE COURT:  Do you want the Court to put this under a
9  *United States v. King* or a voluntary detention and if that
10 changes, then you can inform the Court.
11         MR. LISTON:  The answer is yes to that, Your Honor,
12 because I'm assuming that in fact he has completed his state
13 sentence or would otherwise be released from his state
14 sentence.
15         THE COURT:  What charge on the--
16         MR. LISTON:  Your Honor, on his
17         THE COURT:  I should ask pretrial services which
18 charge the defendant is allegedly incarcerated on.
19         PRETRIAL SERVICES:  (Inaudible – #11:18:25).
20         THE COURT:  I have the--
21         PRETRIAL SERVICES:  It should be at the last, last
22 page.
23         THE COURT:  Why don't you give that back to him.
24         PRETRIAL SERVICES:  The last page, Your Honor, at the
25 top.

6

1      THE COURT: 10/31/03--

2      MR. CAPIN: Yes, Your Honor, he was--

3      THE COURT: --possession to distribute?

4      MR. CAPIN: Yes, Your Honor. He has, he was
5  sentenced to a guilty, two year split, one-year commitment. He
6  was given time from the date of his arrest cause he was in
7  custody pending the disposition, so that he was released I
8  think it was October 23rd or he would have been released on
9  October 23rd. However, on October 23rd, as I understand it, he
10 was transferred to Plymouth and I'm assuming, you know, why
11 that happened whether that would have been on a detainer from
12 the Brockton District Court for a firearm violation which is
13 essentially the state case--

14     THE COURT: Uh-huh.

15     MR. CAPIN: --that has now been taken over by the
16 federal government.

17     THE COURT: So if that's a state, if he's being held
18 on the firearms violation then he is in state, presently in
19 state custody.

20     MR. LISTON: He is, your Honor. Because the only
21 federal custody we currently have is a habeas custody.

22     THE COURT: Uh-huh.

23     MR. LISTON: As a practical matter, one, he could be
24 found not guilty here in which case any time he spends will be
25 fed time. If he were to be found guilty and sentenced in this

7

1  court, he would get credit for the time that he has spent in
2  the state system--
3          THE COURT:  In the state system.
4          MR. LISTON:  --under the statute.
5          THE COURT:  So therefore it seems as though a *United*
6  *States v. King* situation is applicable.
7          MR. LISTON:  Your Honor, I'm not familiar with United
8  *States v. King*.
9          THE COURT:  Oh, that's where you hold the, the
10 defendant is held if and until the defendant is released from
11 state custody and a detention hearing becomes necessary.
12         MR. LISTON:  Yes, Your Honor, yeah.  Okay, I
13 understand that.  I believe in this situation he has completed
14 his state sentence, his state custody from which the federal
15 has the habeas is a pretrial custody.
16         THE COURT:  He's still in custody though--
17         MR. LISTON:  That is correct.
18         THE COURT:  --until they drop it.  So it's the--
19         MR. LISTON:  But it's--
20         THE COURT:  --*United States v. King*.
21         MR. LISTON:  That's right.
22         THE COURT:  You can talk with Attorney Richardson--
23         MR. CAPIN:  All right.
24         THE COURT:  --if there is a change in that--
25         MR. CAPIN:  Fair enough.

8

1        THE COURT: --because it does affect whether or not
2   the defendant gets credit.
3        MR. CAPIN: I think the, if it is a *U.S. v. King,*
4   issue it's only one until the state null prosses the charges--
5        THE COURT: Right.
6        MR. CAPIN: --that we've now adopted--
7        THE COURT: Right.
8        MR. CAPIN: --which would happen imminently.
9        THE COURT: Exactly.
10       MR. CAPIN: So--
11       MR. LISTON: He tells me also, Your Honor, that there
12  is a bail in the state case. I'm advised of that and, I'm sure
13  the government or the federal people would have a federal
14  detainer so there's, it would make defendant--
15       THE COURT: Well its clear that counsel and the
16  government need to talk. The defendant is detained pursuant to
17  *United States v. King.*
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //

9

1  CERTIFICATION

2      I, Maryann V. Young, court approved transcriber, certify

3  that the foregoing is a correct transcript from the official

4  digital sound recording of the proceedings in the

5  above-entitled matter.

6

7  /s/ Maryann V. Young                    May 15, 2008

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

***MARYANN V. YOUNG***
**Certified Court Transcriber**
**(508) 384-2003**